UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION at ASHLAND

CIVIL ACTION NO. 0:14-cv-45-HRW-EBA

JESSIE BREARTON,                                                                                    PLAINTIFF,

v.                            **MAGISTRATE JUDGE'S**
                        **REPORT AND RECOMMENDATION**

WILLIAM SPARKS,
MATTHEW MCKINNEY,
and JAMES GILLUM,                                                                                  DEFENDANTS.

\* \* \* \* \* \* \*

On March 19, 2014, Plaintiff Jessie Brearton filed a *pro se* civil rights action pursuant to 42 U.S.C. § 1983 against Little Sandy Correctional Complex ("LSCC") prison officials Warden Joseph Meko, Deputy Warden David Green, and eight additional LSCC officials including the three above-named Defendants, Sergeant James Gilum, Correctional Officers Matthew McKinney and William Sparks. [R. 1]. The *pro se* complaint alleged that these Defendants were deliberately indifferent to Plaintiff's safety needs while he was a prisoner at LSCC, in violation of his Eighth Amendment rights. [Rs. 1, 4].

Specifically, the combined allegations from Plaintiff's prison grievance, [R. 1-1 at 3], and Memorandum in Support of his Motion for Preliminary Injunction, [R. 4-1 at 2–4], explain that, after being extorted and assaulted by other general population inmates at LSCC due to his reputation as a correctional informant, Plaintiff requested prison officials place him in protective custody ("PC"). See [R. 4-1 at 2–3]. Plaintiff alleges that the three named LSCC correctional officers disclosed the information that he was a correctional informant to other LSCC inmates, and upon allegedly being labeled a "snitch," [R. 1-1 at 3], Plaintiff became a target for assault by other LSCC inmates and was placed in PC some time in December of 2013. [R. 4-1 at 2–3].

1

Plaintiff's prison grievance, see [R. 1-1 at 3], explains that, although he was a PC inmate, Defendants McKinney, Sparks, and Gillum "failed to protect [his] physical well-being" on December 27, 2013, and again on December 28, 2013, by "stating to other inmates 'ol' cell #13 is a snitch.'" [Id.]. Plaintiff's injunction memorandum adds entirely new allegations, however, stating that, on December 27, 2013 and December 28, 2013, these three officers ordered him into the shower with a general population inmate, then locked him in the shower, "pointing and laughing at [his] plight," thereby threatening his safety. [R. 4-1 at 1–3, 4]. Accordingly, Defendant alleges that these LSCC officials were deliberately indifferent to his safety and security needs in violation of the Eighth Amendment.

Upon preliminary review of the complaint, the District Court dismissed Plaintiff's claims against all Defendants except Gilum, McKinney, and Sparks on January 9, 2015, [R. 17], and required the remaining Defendants to respond to the Eighth Amendment allegations in the complaint. [Id. at 11]. On February 10, 2015, Gilum, McKinney, and Sparks filed their Answer, [R. 21], denying that they were deliberately indifferent to Plaintiff's safety needs, and asserting twenty-two separate affirmative defenses. On October 14, 2015, the above-named Defendants filed their First Motion for Summary Judgment. [R. 34]. Defendants' motion alleges that: 1) they are entitled to summary judgment as a matter of law, pursuant to Federal Rule of Civil Procedure 56(c), because no genuine issue as to any material fact exists; 2) Plaintiff failed to exhaust his administrative remedies, by failing to first file a grievance with the Department of Corrections (DOC), identifying all defendants and related issues; and 3) Defendants are entitled to the affirmative defense of qualified immunity. [Id. at 3–8].

Plaintiff has failed to respond or object to Defendant's summary judgment motion. Pursuant to 28 U.S.C. § 636(b), this matter has been referred to the undersigned to conduct all

further proceedings including preparing proposed findings of fact and recommendations on any dispositive motions. [R. 24]. The undersigned RECOMMENDS that Defendants' Motion for Summary Judgment be GRANTED.

## STANDARD OF REVIEW

Summary judgment is appropriate where "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); Barr v. Lafon, 538 F.3d 554, 561 (6th Cir. 2008). To prevail, "the non-movant must show sufficient evidence to create a genuine issue of material fact." B.F. Goodrich v. U.S. Filter Corp., 245 F.3d 587, 592 (6th Cir. 2001); Celotex Corp. v. Catrett, 47 U.S. 317, 324 (1986). A factual issue "is genuine if the evidence is such that a reasonable jury could return a verdict for the non-moving party." Hendrick v. W. Reserve Care Sys., 355 F.3d 444, 451 (6th Cir. 2004) (citing Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986)). Even though the moving party generally bears the burden to show that no genuine issue of material fact exists, "that burden may be discharged by showing . . . that there is an absence of evidence to support the nonmoving party's case." CenTra, Inc. v. Estrin, 538 F.3d 402, 412 (6th Cir. 2008) (internal citations omitted).

If the moving party meets its burden, the nonmoving party must then present "specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e). It is insufficient that the nonmoving party rests on its pleadings; he must present some "specific facts showing that there is a genuine issue [of material fact] for a trial." Celotex, 477 U.S. at 324, 106 S.Ct. 2553. This means that "the existence of a mere scintilla of evidence in support of the non-moving party's position will not be sufficient; there must be evidence on which the jury could reasonably find for the non-moving party." Sutherland v. Mich. Dep't of Treasury, 344 F.3d 603, 613 (6th

3

Cir. 2003) (citing Anderson, 477 U.S. at 251).

The nonmoving party must "do more than simply show that there is some metaphysical doubt as to the material facts." Matsushita Electrical Industrial Co. v. Zenith Radio Corp., 475 U.S. 574, 586; 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986); he must come forward with "significant probative evidence" in the record to support its complaint to show an issue of material fact. Moore v. Phillip Morris Cos., Inc., 8 F.3d 335, 340 (6th Cir. 1993); Jones v. Union Co., Tenn., 294 F.3d 417, 423 (6th Cir. 2002); Anderson v. Liberty Lobby, Inc., 477 U.S. at 249–50, 106 S.Ct. at 2510–11.

When deciding a motion for summary judgment, the court views factual evidence and draws all reasonable inferences in favor of the non-moving party. Matsushita, 475 U.S. at 587–88 (1986); Warf v. Bd. of Elections, 619 F.3d 553, 558 (6th Cir. 2010). Ultimately, when determining if summary judgment is appropriate, the Court must decide "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." Anderson, 477 U.S. at 251–52; Harrison v. Ash, 539 F.3d 510, 516 (6th Cir. 2008). If a plaintiff fails to otherwise prosecute his case, the action or claims brought against the defendant(s) may be dismissed, Fed. R. Civ. P. 41(b), and such dismissal acts an adjudication on the merits. See id.

## ANALYSIS

There has been no activity in this matter since October 14, 2015, when Defendants filed their First Motion for Summary Judgment and their First Status Report, see [Rs. 34, 35] respectively, and to date, Plaintiff has filed no response or objection to Defendants' motion for summary judgment. If a party fails to properly address another party's assertion of fact as required by Rule 56(c), the court may grant summary judgment if the motion and supporting

4

materials show that the movant is entitled to it. Fed. R. Civ. P. 56(e). The Court is not required to "search the entire record to establish that it is bereft of a genuine issue of material fact," in instances where the plaintiff makes no effort to refute the defendant's summary judgment arguments or otherwise dispute the absence of material fact. Street v. J.C. Bradford & Co., 886 F.2d 1472, 1479–80 (6th Cir. 1989).

First, Defendants' motion for summary judgment asserts they are entitled to judgment as a matter of law where Plaintiff's claims are unfounded, stating that the allegations that they broadcasted Plaintiff is a "snitch" to other inmates, and improperly allowed a general population inmate out of his cell twice while Plaintiff was released for recreation, are wholly unsupported. [R. 34 at 4]. Defendants assert that Plaintiff "has provided nothing at all to support his remaining claims or any indication that he plans to meet his burden of proof," noting his pleadings "failed to mention the most serious claim of all in a grievance filed six or seven days after December 27 and 28, 2013," [id.], when he was allegedly locked in a shower with another inmate while guards pointed and laughed. Defendants state that "[s]uch a drastic omission in a grievance strongly suggests that the details were fabricated to bolster Plaintiff's claims and burden specific defendants with a lawsuit." [Id.]. Finding that the statements in Plaintiff's various pleadings "at the very least contradict his most outlandish claim regarding the events of December 28, 2013 and show that he did not exhaust the administrative remedies available to him," [id. at 9], Defendants assert that they are entitled to summary judgment.

Second, Defendants' motion addresses in further detail their contention that Plaintiff failed to exhaust his administrative remedies. Defendants explain that, "[b]y the terms of the grievance policy in effect when the plaintiff filed his lawsuit, he was required to identify all individuals in the initial portion of the grievance so that all problems concerning the issue or

individuals could be handled in the initial stage," and despite naming Sparks, McKinney, and Gillum as defendants, Plaintiff failed to include the claims alleged in his complaint regarding the events of December 28, 2013, in his grievance. [R. 34 at 6]. Finding Plaintiff failed to properly exhaust his grievance with the Department of Corrections, where "proper exhaustion" requires that the inmate comply with all procedural rules of the grievance process, see Woodford v. Ngo, 548 U.S. 81; 126 S.Ct. 2378, 2387; 165 L.Ed.2d 368 (2006), Defendants argue that Plaintiff's claims must be denied.

Third and finally, Defendants raise the affirmative defense of qualified immunity. Citing to the well-established proposition that qualified immunity "turns on whether the plaintiff's constitutional rights were violated and whether the rights were clearly established," Saucier v. Katz, 533 U.S. 194, 201; 121 S.Ct. 2151, 2156 (2001), which in turn depends upon "whether it would be clear to a reasonable [defendant] that his conduct was unlawful in the situation he confronted," id. at 202, Defendants explain there was no unconstitutional violation of any of Plaintiff's established rights, stressing that his complaint "never contends that he suffered as a result of the claimed 'snitch' label." [R. 34 at 7]. Despite the allegations that Defendants' conduct constituted deliberate indifference, an Eighth Amendment violation, Defendants emphasize that insults or name-calling alone is not unconstitutional, citing to the well-established rule that "verbal harassment, absent contact or touching, does not satisfy the objective requirement because such conduct does not constitute the unnecessary and wanton infliction of pain." [R. 34 at 7], citing Morales v. Mackalm, 278 F. 3d 126, 132 (2d Cir. 2002); Barney v. Pulsipher, 143 F.3d 1299, 1311 n.11 (10th Cir. 1998). Stressing that they "did not act in an objectively unreasonable manner given the clearly established law," [R. 34 at 8], Defendants seek relief from the Court.

By filing no response in opposition to any of the three defenses raised by Defendants' motion, nor any evidence to support the allegations in his complaint, Plaintiff has generally failed to present "specific facts showing that there is a genuine issue for trial," Fed. R. Civ. P. 56(e). Yet although he may not solely rely on his pleadings to defeat a summary judgment motion, Celotex, 477 U.S. at 324, and though the Court is not required to "search the entire record to establish that it is bereft of a genuine issue of material fact," Street, 886 F.2d at 1479–80, the undersigned has reviewed all of Plaintiff's filings, including his grievance document, [R. 1-1 at 3], which sets forth the factual basis for his claims. The undersigned finds that Plaintiff failed to fully exhaust his administrative remedies.

"No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Exhaustion is therefore mandatory, and required before an inmate may pursue any claim in federal court. Jones v. Bock, 549 U.S. 199, 127 S.Ct. 910, 918–19 (2007); Porter v. Nussle, 534 U.S. 516, 122 S.Ct. 983, 984; 152 L.Ed.2d 12 (2002); Hartsfield v. Vidor, 199 F.3d 305, 309 (6th Cir. 1999). The Supreme Court in Woodford v. Ngo, 548 U.S. 81; 126 S.Ct. 2378, 2387; 165 L.Ed.2d 368 (2006), held that an inmate must "properly" exhaust his administrative remedies, or else his suit is barred. "Proper exhaustion" requires that the inmate meet all deadlines and comply with all procedural rules of the grievance process, id. at 2386; the type and amount of detail necessary for such exhaustion ultimately depends on the specific requirements of the grievance process in the particular correctional institution. Bock, 549 U.S. at 218; 127 S.Ct. at 923. In short, when administrative remedies are not fully exhausted for a claim, the claim must be dismissed. Id.

Plaintiff's grievance is comprised of a single hand-written page, in which he alleges that on December 27, 2013, and again on December 28, 2013, he was placed in physical danger by Defendants by being placed on recreation with a general population inmate, though he should only "be on rec alone." [Id.]. The grievance further alleges that these officers "broadcasted that [he was] a correctional informant by stating to other inmates 'ol' cell #13 is a snitch.'" [Id.]. Meanwhile, Plaintiff's Motion for Preliminary Injunction separately alleges, for the first time, that Defendants locked him in the shower with another inmate, then pointed and laughed at him. [R. 4]. By failing to "include all aspects of the issue . . . so that all problems concerning the issue or individuals may be dealt with," *see infra* Kentucky Corrections Inmate Grievance Procedure at 8, Plaintiff has failed to properly follow LSCC's grievance procedure, and has therefore failed to properly exhaust his administrative remedies, which constitutes grounds for dismissal of his claims against Defendants.

LSCC's Policies and Procedures 2014–2015 manual states the following with regard to the specific procedure for filing an inmate grievance with LSCC:

> (4) A grievance shall pertain to one issue. Separate grievances shall be filed for separate issues and unrelated incidents. A staff conflict grievance may contain more than one incident, but the incidents shall all relate to the staff conflict at issue.
>
> (5) The grievant *shall include all aspects of the issue* and identify all individuals in the "Brief Statement of the Problem" section of the written grievance *so that all problems concerning the issue or individuals may be dealt with during step 1*.

Inmate Grievance Procedure 14.6 (II)(J)(1)(a)(4–5) (effective July 31, 2015). LSCC has a specific procedure for prisoners to file such grievances, and Plaintiff clearly failed to adhere to this procedure, by failing to "include all aspects of the issue" to allow the issue to be fully resolved at the earliest stage by the Depart of Corrections' grievance coordinators. All allegations regarding Plaintiff's being locked in a shower, then being mocked and endangered by

8

Defendants, are not stated or referenced anywhere in Plaintiff's prison grievance, or for that matter, anywhere in his *pro se* complaint. See [R. 1]; [R. 1-1 at 3]. Rather, the shower allegation is alleged for the first time in the "Statement of Facts" section of Plaintiff's *pro se* Motion for Preliminary Injunction to enjoin LSCC officials, [R. 4], which the District Court previously denied as moot on January 27, 2015, upon finding that Plaintiff had since been "transferred to the Kentucky State Reformatory . . . and [was] no longer confined at LSCC." [R. 20 at 4].

As Defendants accurately explain, "when Plaintiff filed his grievance on January 4, 2014 regarding the December 27 and 28 incidents, he failed to include anything about being locked in the shower on December 28, 2013 or any of the details that he provided to the Court about that alleged incident," and therefore "failed to exhaust his administrative remedies regarding the shower complaint and apparently forgot about it altogether until he decided to file a federal lawsuit in the matter." [R. 34 at 4]. Where his shower allegations are wholly absent from his prison grievance and his *pro se* complaint, Plaintiff has failed to exhaust his administrative remedies, and pursuant to the mandatory doctrine of exhaustion, Plaintiff's unexhausted claims must be dismissed. Ngo, 548 U.S. 81; 126 S.Ct. 2378, 2387; Bock, 549 U.S. at 218; 127 S.Ct. at 923. Defendants' motion for summary judgment should be granted.

## RECOMMENDATION

Having considered the matter fully, the undersigned RECOMMENDS that Defendants' First Motion for Summary Judgment, [R. 34], be GRANTED.

Specific objections to this Report and Recommendation must be filed within fourteen (14) days from the date of service thereof or further appeal is waived. United States v. Campbell, 261 F.3d 628, 632 (6th Cir. 2001); Thomas v. Arn, 728 F.2d 813, 815 (6th Cir. 1984).

General objections or objections that require a judge's interpretation are insufficient to preserve the right to appeal. Cowherd v. Million, 380 F.3d 909, 912 (6th Cir. 2004). Failure to make a timely objection consistent with the statute and rule may, and normally will, result in waiver of further appeal to or review by the District Court and Court of Appeals. See Thomas v. Arn, 474 U.S. 140, 155 (1985); United States v. Walters, 638 F.2d 947, 950 (6th Cir. 1981).

    Signed June 20, 2016.

Signed By:
*Edward B. Atkins* EBA
United States Magistrate Judge